UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE SIMMONS,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 18-cv-03469-VC  (PR)<br><br>**ORDER OF DISMISSAL FOR LACK OF JURISDICTION; DENYING CERTIFICATE OF APPEALABILITY** |

      Petitioner Joyce Simmons, a federal prisoner at the Federal Correctional Institute in Dublin, files this petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a portion of the sentence imposed in the Northern District of Texas.

      In one of Simmons' previous petitions, she also sought relief from a portion of the sentence she received in the Northern District of Texas. *See Simmons v. United States*, C 17-2217 VC (PR). In that case, the Court explained that a federal prisoner who seeks to challenge the legality of confinement must generally rely on a motion under 28 U.S.C. § 2255, which must be heard by the sentencing court, whereas a petition under § 2241 must be heard in the district of confinement. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file a § 2241 petition under an exception to the general rule when the prisoner: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898. However, "actual innocence" means factual innocence, not mere legal insufficiency. *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *see also Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) ("A person cannot be actually innocent of a noncapital sentence.").

      The Court dismissed Case No. C 17-2217 VC (PR) for lack of subject matter jurisdiction.

*See* ECF No. 13.  Simmons appealed, and the Ninth Circuit denied a certificate of appealability on the ground that it "lacks jurisdiction over this appeal from the dismissal of a disguised second or successive 28 U.S.C. § 2255 motion."  ECF No. 23.

This case is dismissed for the same reason as Simmons' previous case.  This Court lacks subject matter jurisdiction over a § 2241 petition that is a disguised § 2255 motion.

## CONCLUSION

Based on the foregoing, this case is dismissed for lack of jurisdiction.  Because reasonable jurists would not find the result debatable, a certificate of appealability is denied.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Clerk is directed to issues a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated:  July 2, 2018

VINCE CHHABRIA
United States District Judge